UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:                                  )        CASE NO.
                                        )
Michael Todd Phillips                   )
Tyann Denise Phillips                   )        CHAPTER 13

**CHAPTER 13 PLAN**

I.   The future earnings of debtor are submitted to the supervision and control of the trustee, and debtor shall pay to the trustee the sum of $1,410.00 per month for 60 months by a wage withholding order.

II.  From the payments so received, the trustee shall make disbursements as follows:

1.   All allowed priority claims entitled to priority under 11 USC 507 shall be paid in full during the plan. All allowed administrative claims shall be paid in full. Trustee's fees shall be paid according to statute. The debtors have paid **$0.00** directly to their attorney prior to filing. The Trustee will pay said attorney **$4,000.00** for a total of **$4,000.00**

2.   After the above payments, secured creditors whose claims are duly proved and allowed shall be treated as follows:

   (i)   **HSBC** has a security interest in Debtors' house and will be paid according to the contract through the plan. Further, the allowed arrearage shall be paid through the plan with no interest. Upon completion of the plan, debtor shall resume payments according to the terms of the contract.

   (ii)  Wabash County Treasurer has an interest in debtor's residence. Arrears will be paid at 8% interest. Debtor will continue to pay all post-petition payments directly.

   (iii) **Communitywide** has a security interest in Debtors' 2008 Ford F-350 and will be paid in full through the plan according to their allowed proof of claim of 4.0% interest from the date of confirmation. Upon completion of the plan, Debtors will retain cars free and clear of any liens and creditor shall return title to Debtors.

   (iv) The Indiana Department of Revenue has a secured interest in Debtors' property and shall be paid if full through the plan.

 3. Non-administrative priority claims shall be paid after administrative and secured claims have been paid in full.

 4. All funds remaining after payments are made above shall be paid to unsecured creditors in full pursuant to their allowed proof of claims.

III. **Debtor has no executory contracts.**

IV. All property shall remain property of the estate until dismissal or discharge. The debtor(s) will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. § 1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

V. Debtor will turn over tax returns each year of the plan.

Dated: 9/25/14

Michael Todd Phillips

Tyann Denise Phillips

Acceptance may be mailed to:

Christopher Schimke 27328-53
Glaser & Ebbs
132 East Berry Street
Fort Wayne, IN 46802
Counsel For Debtor